# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TERRENCE O"MALLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 07 C 1679 |
| v. | ) |
| | ) Magistrate Judge Schenkier |
| | ) |
| VILLAGE OF OAK BROOK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

In this action brought under 42 U.S.C. § 1983, plaintiff alleges that defendants Quinlan and Mucha retaliated against him for exercising his First Amendment rights; plaintiff also has asserted a separate claim against the Village of Oak Brook under *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658 (1978), claiming that the alleged misconduct of the individual defendants resulted from a custom and practice of the Village. The Village has moved for a protective order (doc. # 49), to govern the use of the following categories of records responsive to discovery requests by plaintiff and defendant Mucha: (1) personnel and disciplinary records of the individual defendants, and (2) personnel and disciplinary records of non-parties. The protective order the Village seeks would allow the Village to designate those records as "confidential," which – among other things – would limit the persons to whom those records may be revealed (Proposed Protective Order, ¶ 4), would require those records to be filed under seal if attached to court filings (*id.*, ¶ 5), and (upon request) would require the records to be returned to the Village 60 days after the termination of the litigation (*id.*, ¶ 7).

Plaintiff has filed a written response (doc. # 56) to the motion. Plaintiff has no objection to a protective order allowing the personnel and disciplinary records of non-parties to be designated as confidential (Pl.'s Resp. at 1-2). Nor does plaintiff object to the village redacting from the personnel and disciplinary records of defendants Quinlan and Mucha "highly sensitive personal information" (*id.*, at 2), such as social security numbers or information about their family members. However, plaintiff does object to the Village's proposed order insofar as it would allow the Village to designate all of the personnel and disciplinary records of defendants Quinlan and Mucha as confidential. Defendant Quinlan has filed a response supporting the Village's proposed protective order (doc. # 61). Defendant Mucha's response (doc. # 58) does not state whether he supports the Village's form of protective order, but objects to the production of any of his personnel records – with or without a protective order.

Having reviewed the submissions and the relevant authorities, and for the reasons set forth below, the Court grants the Village's motion for a protective order. However, as we explain below, the Village must submit a revised form of protective order with certain modifications that we require.

## I.

Upon a showing of good cause, a court may enter a protective order to protect a party "from annoyance [or] embarrassment." Fed. R. Civ. P. 26(c). The Supreme Court has explained that the protection of a party's privacy interests, while not expressly set forth in Rule 26(c), is "implicit in the broad purpose and language of the Rule." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984).

Because our liberal rules of discovery "often allow extensive intrusion into the affairs of both litigants and third parties," the production of discovery materials "may seriously implicate privacy

interests of litigants and third parties." *Seattle Times Co.*, 467 U.S. at 30, 35. On the other hand, we must balance concern about those privacy interests against the principle that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat. Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). In so doing, we recognize that the public interest is strongest when the discovery materials form the basis for decision. *Baxter Intern. Inc. v. Abbott Labs*, 297 F.3d 544, 546-57 (7th Cir. 2002).

Conversely, the public's interest in disclosure of information produced by the parties in the discovery process is less weighty. "[P]retrial discovery, unlike the trial itself, is usually conducted in private." *Cincinnati Ins. Co.*, 178 F.3d at 944 (citing *Seattle Times Co.*, 467 U.S. at 33). The concept of "relevance" for purposes of determining what is discoverable under Fed. R. Civ. P. 26(b)(1) is far broader than is the concept of relevance for admissibility at trial under Fed. R. Evid. 402. The discovery process allows parties to obtain substantial amounts of information, and then to sift through the discovery materials to identify and use what is truly important to the case. It is not surprising, then, that the vast majority of information produced during the discovery process is never used at trial and has no impact whatsoever on the court's decision-making process. For this reason, it is during this pretrial discovery process that a party's interest in maintaining confidentiality of private information is at its strongest.

As we explained above, plaintiff does not dispute that any personnel and disciplinary information about non-parties should be treated as confidential under a protective order, limiting the use and dissemination of that information. Thus, we turn to the question of whether there is good cause to treat personnel and disciplinary information of defendants Quinlan and Mucha as confidential. We find good cause to do so.

Personnel records routinely contain highly personal information about a police officer and his family members, which would "unfairly and gratuitously invade their privacy" and could jeopardize their safety if publicly disclosed. *McGee v. City of Chicago*, No. 04 C 6352, 2005 WL 3215558, * 2 (N.D. Ill., June 23, 2005). Accordingly, we agree with the Village that these records may be designated as confidential. To the extent that plaintiff believes there is information that is within the personnel records that does not implicate any privacy or safety interests, the protective order approved by the Court will allow plaintiff to challenge a designation of confidentiality and, in the event of a challenge, will require the Village to show that the record should be treated as confidential.

Disciplinary records (including complaint register – or "CR" – files) also, in our judgment, fall within a category of documents which may be covered by a confidentiality provision in a protective order. We understand that disciplinary investigations are conducted at taxpayer expense. However, we disagree that this entitles plaintiff to use the discovery process to obtain records of those investigations and then to disseminate them without limitation. To begin with, that argument proves too much. All official police activities are conducted at taxpayer expense; and, yet, plaintiff does not assert that he, therefore, is entitled to use and distribute any and all police records without limitation. Moreover, we should not ignore that disciplinary investigations are just that: investigations into charges of misconduct that may or may not have merit. It may be the case that the public would not treat the mere fact of investigation as proof of misconduct. *McGee*, 2005 WL 3215558, * 3. On the other hand, disclosure of the fact of disciplinary investigations may taint the reputation of a police officer if members of the public assume that where there is smoke, there is fire.

We note that plaintiff prominently cites the *McGee* decision in arguing that disciplinary records should not be subject to the confidentiality restrictions the Village proposes (Pl.'s Resp. at 5). However, in a later ruling in that case, the court in *McGee* held that while defendant had not shown good cause to prohibit public dissemination of disciplinary records in court filings, there was good cause to otherwise limit the use and dissemination of disciplinary records and to require them to be returned to defendant within 60 days after termination of the litigation. *McGee v. City of Chicago*, No. 04 C 6352 (N.D. Ill., Jan. 9, 2006) (doc. # 101, Minute Order). We agree with that approach. The Village may designate as confidential the disciplinary records that it produces, thereby limiting the right of plaintiff to use and disseminate those records. In the event that the records are attached to a court filing, as we explain further below, the Village will have to make a showing under Local Rule 26.2 that there is good cause for the records to be filed under seal.

## II.

Defendant Mucha argues that plaintiff should not be allowed to obtain through discovery any of his personnel records, because – according to defendant Mucha – plaintiff has not yet produced any discovery to support his claims. Defendant Mucha offers no authority for the proposition that discovery should be terminated because a defendant has concluded that the plaintiff has no claim. To the extent that defendant Mucha believes the discovery record already assembled supports a summary judgment motion, he is free to file that motion, to seek a stay of any further discovery, and to be prepared to fend off a response by plaintiff that he needs more discovery to respond to the motion. *See* Fed. R. Civ. P. 56(f). However, on the present record, we are not prepared to terminate discovery.

## III.

As the foregoing discussion makes clear, we grant the Village's motion for an order requiring it to produce personnel and disciplinary records, and to do so pursuant to a protective order.[1] However, we will require that the Village modify in the following respects the draft protective order that was submitted with is motion.

*First*, paragraph 3 must be modified to state more precisely what categories of documents may be designated as confidential. The current draft would permit the Village to place that designation on records that "include but are not limited to" the parties' social security and driver's license information; disciplinary, medical or personnel records or information of officers employed by the Village's police department; and records of private persons arrested by the Village police department. We require that the "include but not limited to" language be deleted, as that would allow the Village to designate material as confidential without a clear defining standard. We also require that the Village place a confidentiality designation on documents only after Village counsel of record has determined, in good faith, that the documents meet the confidentiality standard set forth in the protective order.

*Second*, paragraph 5 must be modified to state that in accordance with Local Rule 26.2(b), no party may file confidential material under seal "without prior order of court specifying the particular document or portion of a document that may be filed as restricted." Paragraph 5 also must state that the party designating the document as confidential will have the burden of proving that it should be filed as restricted. Finally, in line with *Cincinnati Ins. Co.*, 178 F.3d at 946, paragraph 5

---

[1] Both the Village and defendant Quinlan say that because he is a public official, he has no "personnel file." We emphasize that our order requires the Village to produce an personnel "records" for defendant Quinlan, irrespective of whether they are maintained in what is labeled as a personnel "file."

6

must state that any party or interested member of the public may challenge the filing of confidential information under seal, and that in the event of such a challenge, the party asserting confidentiality has the burden of proving that the material should be filed under seal.

*Third*, paragraphs 8 and 10 must be modified to state that in the event a party challenges the designation of certain information as confidential, the party asserting confidentiality has the burden of proving the propriety of that designation.

*Fourth*, paragraph 11 must be modified to state that the protective order is not intended and shall not be construed to govern the admissibility or use of confidentiality at trial or in other evidentiary proceedings in open court. Any requests for special treatment for confidential documents must be directed to the judge presiding over that trial or evidentiary proceeding.

## CONCLUSION

For the foregoing reasons, the Village of Oak Brook's motion for protective order (doc. # 49) is granted. By the close of business on February 13, 2008, the Village shall submit to chambers a form of protective order in line with the modifications set forth in this opinion. The Village is ordered to produce personnel and disciplinary records of defendants Quinlan and Mucha that are responsive to plaintiff's document requests, within seven business days after the entry of the protective order.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: February 6, 2007

7